**Opinion issued September 5, 2024**



In The

# Court of Appeals

For The

# First District of Texas

———————————

**NO. 01-23-00474-CR**

———————————

**WILLIAM MICHAEL PROCTOR, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

**On Appeal from the 248th District Court**
**Harris County, Texas**
**Trial Court Case No. 1124360**

**MEMORANDUM OPINION**

A jury found appellant, William Michael Proctor, guilty of the felony offense of capital murder,[1] and the trial court assessed his punishment at confinement for

---

[1]    *See* TEX. PENAL CODE ANN. § 19.03(a), (b).

life. On appeal, we affirmed the trial court's judgment.[2] Later, appellant filed a post-conviction motion for forensic DNA testing.[3] The trial court denied appellant's motion, and appellant timely filed a notice of appeal.[4]

Appellant's appointed counsel on appeal has filed a motion to withdraw, along with a brief stating that the record presents no reversible error and the appeal is without merit and is frivolous. *See Anders v. California*, 386 U.S. 738 (1967).

Counsel's brief meets the *Anders* requirements by presenting a professional evaluation of the record and supplying the Court with references to the record and legal authority. *See id.* at 744; *see also High v. State*, 573 S.W.2d 807, 812 (Tex. Crim. App. 1978). Counsel indicates that he has thoroughly reviewed the record and is unable to advance any grounds of error that warrant reversal. *See Anders*, 386 U.S. at 744; *Mitchell v. State*, 193 S.W.3d 153, 155 (Tex. App.—Houston [1st Dist.] 2006, no pet.).

Counsel has informed the Court that he provided appellant with a copy of his *Anders* brief and his motion to withdraw. Counsel also informed appellant of his right to examine the appellate record and file a response to counsel's *Anders* brief. Further, counsel provided appellant with a copy of the appellate record and a form

---

[2]     *See Proctor v. State*, 319 S.W.3d 175 (Tex. App.—Houston [1st Dist.] 2010, pet. struck) (published in part).

[3]     *See* TEX. CODE CRIM. PROC. ANN. art. 64.01.

[4]     *See id.* art. 64.05.

motion to access the appellate record.[5]  *See Kelly v. State*, 436 S.W.3d 313, 319–20 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).  Appellant filed a pro se response to his counsel's *Anders* brief.

We have independently reviewed the entire record, and we conclude that no reversible error exists in the record, there are no arguable grounds for review, and the appeal is frivolous.  *See Anders*, 386 U.S. at 744 (emphasizing reviewing court— and not counsel—determines, after full examination of proceedings, whether appeal is wholly frivolous); *Garner v. State*, 300 S.W.3d 763, 767 (Tex. Crim. App. 2009) (reviewing court must determine whether arguable grounds for review exist); *Bledsoe v. State*, 178 S.W.3d 824, 826–27 (Tex. Crim. App. 2005) (same); *Mitchell*, 193 S.W.3d at 155 (reviewing court determines whether arguable grounds exist by reviewing entire record).  We note that appellant may challenge a holding that there are no arguable grounds for an appeal by filing a petition for discretionary review in the Texas Court of Criminal Appeals.  *See Bledsoe*, 178 S.W.3d at 827 & n.6.

---

[5]     This Court also notified appellant that his appointed counsel had filed an *Anders* brief and a motion to withdraw and informed appellant that he had a right to examine the appellate record and file a response to his counsel's *Anders* brief.  And this Court provided appellant with a form motion to access the appellate record.  *See Kelly v. State*, 436 S.W.3d 313, 319–22 (Tex. Crim. App. 2014); *In re Schulman*, 252 S.W.3d 403, 408 (Tex. Crim. App. 2008).

3

## Conclusion

We affirm the order of the trial court and grant appellant's appointed counsel's motion to withdraw.[6]  Attorney Nicholas Mensch must immediately send appellant the required notice and file a copy of the notice with the Clerk of this Court.  *See* TEX. R. APP. P. 6.5(c).  We dismiss any other pending motions as moot.

Julie Countiss
Justice

Panel consists of Justices Landau, Countiss, and Guerra.

Do not publish.  TEX. R. APP. P. 47.2(b).

---

[6]     Appellant's appointed counsel still has a duty to inform appellant of the result of the appeal and that appellant may, on his own, pursue discretionary review in the Texas Court of Criminal Appeals.  *See Ex parte Wilson*, 956 S.W.2d 25, 27 (Tex. Crim. App. 1997).